SECOND DISTRICT COURT OF PATERSON.

MILTON KAPLAN, PLAINTIFF, v. MARDICH ARKELLIAN, DEFENDANT.

Decided June 26, 1943.

For the plaintiff, *Lawrence Diamond.*

For the defendant, *Heyman Zimel.*

For Prentiss Brown, Administrator of the Office of Price Administration, *William E. Sandmeyer.*

SIBERMAN, D. C. J.   This is an action at law instituted by the plaintiff, Milton Kaplan, against the defendant, Mardich Arkellian, to recover damages in pursuance to section 205 (e) of the Emergency Price Control Act of 1942, 50 *U. S. C. A. Appendix,* § 925 (e).   The facts as set forth in the state of demand allege that, on or about September 14th, 1940, the defendant rented to the plaintiff under a month to month tenancy, certain housing accommodations at an agreed monthly rental of $30; that for the month of August, 1942, the defendant landlord demanded and received from the

plaintiff the sum of $33 or an excess of $3 over and above the maximum legal rent. Damages are then claimed by the plaintiff in the sum of $50 together with reasonable attorney's fees and costs of suit. The second count of the state of demand claims the sum of $3 as moneys had and received by the defendant landlord for the month of July, 1942. This count likewise alleges that the sum of $33 was collected for that month by the defendant.

This cause is now before the court upon motion of the defendant to strike the plaintiff's state of demand and dismiss the action on the ground that the Second District Court of the City of Paterson is without jurisdiction to hear and dispose of the purported cause of action.

The memorandum of the defendant sets forth the following queries:

1. Did said court have jurisdiction to enforce penalties arising under the laws of the United States?

2. Does the Second District Court of the City of Paterson have jurisdiction to enforce penalties arising under the laws of the United States?

3. Is the action brought under section 205 (e) of the Emergency Price Control Act of 1942 an action for a penalty?

In deciding this matter the court shall first discuss question number three, which to the court is essentially the beginning point.

Section 205 (e) of the Emergency Price Control Act, under which the case at bar is brought, provided as follows:

"If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, *the person who buys* such commodity for use or consumption other than in the course of trade or business *may bring an action* either for Fifty ($50.00) Dollars or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court. For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be. If any person selling a com-

modity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, and the buyer is not entitled to bring suit or action under this subsection the Administrator may bring such action under this subsection on behalf of the United States. *Any suit or action under this subsection may be brought in any court of competent jurisdiction* and shall be instituted within one year after delivery is completed or rent is paid. The provisions of this subsection shall not take effect until after the expiration of six months from the date of enactment of this act." (Italics mine.)

The plaintiff contends that a consumer action brought under section 205 (e) of the Emergency Price Control Act is not an action for penalty and cites the leading case of *Huntington* v. *Attrill,* 142 *U. S.* 657; 13 *S. Ct.* 224, 227 (1892). The court in that case said:

"Penal laws, strictly and properly, are those imposing punishment for an offense committed against the state, and which, by the English and American constitutions, the executive of the state has the power to pardon. *Statutes giving a private action against the wrongdoer are sometimes spoken of as penal in their nature, but in such cases it has been pointed out that neither the liability imposed nor the remedy given is strictly penal."* (Italics mine.)

In *Brady* v. *Daly,* 175 *U. S.* 148; 20 *S. Ct.* 62 (1899), which was an action to recover a minimum amount of damages fixed by statute, the court, citing *Huntington* v. *Attrill, supra,* emphasized that the action was brought by the person damaged and not by the public. In reaching its decision the court said, 175 *U. S.* at *p.* 154; 20 *S. Ct.* 64:

"The further provision in the statute that the damages shall be at least a certain sum named, in the statute itself, does not change the character of the statute and render it a penal instead of a remedial one. The whole recovery is given to the proprietor, and the statute does not provide for a recovery by any other person in case the proprietor himself neglects to sue. *It has nothing in the nature of a qui tam action about it,* and we think it provides for the recovery of neither a penalty nor a forfeiture."

In the case of *Hocking Valley Railroad Co.* v. *New York Coal Co.,* 217 *Fed. Rep.* 727 (*C. C. A.* 6th, 1914), the court, in determining whether the statute was penal by reason of a minimum amount of damages fixed by statute, stated (at *p.* 729):

"It provides no penalty or forfeiture at the instance of, or for the benefit of the public. The right of action is given only to the injured persons, and is purely remedial in nature. *Huntington* v. *Attrill,* 146 *U. S.* 657, 667, 668; 13 *Sup. Ct.* 224; 36 *L. Ed.* 1123; *City of Atlanta* v. *Chattanooga Foundry and Pipe Works* (*C. C. A.,* 6th *Cir.*), 127 *Fed. Rep.* 23, 28, 29; 61 *C. C. A.* 387; 64 *L. R. A.* 721; *Chattanooga Foundry and Pipe Works* v. *City of Atlanta,* 203 *U. S.* 390, 397; 27 *Sup. Ct.* 65; 51 *L. Ed.* 241; affirming the case last cited. It is not rendered penal by the fact that it provides a minimum recovery of $500 'for any violation of this section' * * *."

Under the rule the denomination of recovery as "damages" proves that the action was intended to be remedial and not penal. See *Overnight Transportation Co.* v. *Missel,* 316 *U. S.* 572; 62 *S. Ct.* 1216; *Brady* v. *Daly, supra.*

As to point two referring to the question of jurisdiction, *R. S.* 2:8–40; *N. J. S. A.* 2:8–40, states:

"Every action of a civil nature at law, or to recover any penalty imposed or authorized by any law of this state, where the debt, balance, penalty, damage or other matter in dispute does not exceed, exclusive of costs, the sum or value of Five Hundred ($500.00) Dollars, shall be cognizable in the district courts of this state."

The District Court of New Jersey has been described as court of "general jurisdiction" of all cases involving amounts with the pecuniary limitation of the statute. *McDevitt* v. *Connell,* 71 *N. J. Eq.* 119; 63 *Atl. Rep.* 504.

The courts of this state have held that they have jurisdiction of actions based upon rights arising out of federal law. *Fryna* v. *Fairlawn Fur Dressing Co.,* 114 *N. J. Eq.* 462; 168 *Atl. Rep.* 862; *United States* v. *Smith,* 4 *N. J. L.* 37. It is my conclusion that this is a civil action at law and the New Jersey District Court has jurisdiction.

The early reference to point three practically disposed of point one in the argument of the defendant. I might add that this is not an action in the sense of requiring a penalization for a federal violation by federal authority or the punishment by the government by the imposition of a fine or a damage payment directly to government authorities, or the imposition of a jail sentence. It takes the broader interpretation of the word penal in giving a private action against the wrongdoer. The test seems to be whether the action is in the name of the state or in the name of an individual party injured, and whether the purpose is to punish an offense against the public justice, or afford a private remedy to an individual who has been wronged. This entire theory of law is ably discussed and disposed of in the case of *Huntington* v. *Attrill,* 142 *U. S.* 657; 13 *S. Ct.* 224.

It is therefore the conclusion of the court that an action brought under section 205 (e) of the Emergency Price Control Act of 1942 is not an action in the nature of a penalty in the strict sense of penalization but is an action permitting an individual wronged to seek damages for his unlawful inconvenience.

The motion to dismiss the action will be denied. A counsel fee of $10 will be allowed to the plaintiff's attorney.