REUBEN BENDIT, PLAINTIFF, PRENTISS M. BROWN, ADMINISTRATOR OF THE OFFICE OF PRICE ADMINISTRATION, PLAINTIFF-APPELLANT, v. H. L. R. HOLDING COMPANY, DEFENDANT-APPELLEE.

Submitted October 5, 1943—Decided January 5, 1944.

Before Justices CASE, DONGES and PORTER.

For the plaintiff-appellant, *William E. Sandmeyer* and *Robert A. Sauer.*

For the defendant-appellee, no appearance.

PER CURIAM.

Plaintiff brought suit in the First District Court of Newark to recover $50 on each of six counts, plus attorney's fees and costs, upon the allegation that the defendant-appellee had demanded and received from the plaintiff the sum of $60 per month for six months from July, 1942, to December, 1942, for a dwelling unit, while the maximum rent permitted under a regulation established by the Administrator of the Emergency Price Control Act of 1942 was $58 per month. Plaintiff-appellant, Prentiss M. Brown, O.P.A. Administrator, was permitted to intervene as party plaintiff. The trial judge held "that this suit was in fact a proceeding to collect penalties not imposed or authorized by any statute of the State of New Jersey; that this court had no jurisdiction and dismissed the suit." Plaintiff Brown thereupon took this appeal.

Although the plaintiff Brown was permitted to intervene as a party plaintiff, he filed no state of demand and made no claim to any recovery on behalf of the agency he represents. We assume in this proceeding that his intervention, as stated in the notice of motion for leave to intervene, was solely for the purpose of assisting the plaintiff Bendit to enforce his right to recovery and to assert his, Bendit's, right to proceed

in the District Court. In this situation, the right of the OPA administrator to proceed in the District Court for recovery in his own behalf under the federal statute is not raised by the pleadings, is not presented for determination and is not passed upon.

We conclude that this appeal is controlled by the recent opinion of this court in *Beasley* v. *Gottlieb*, 131 *N. J. L.* 117, which leads to a reversal of the judgment in this case. Costs to abide the event.