Morris R. Ward, Plaintiff, *v.* Mary Bochino, Defendant.

Supreme Court, Onondaga County, January 18, 1944.

*Oscar J. Brown* for plaintiff.

*D. Charles O'Brien* and *Barton C. Meays* for defendant.

CREGG, J.   This is a motion made upon the minutes of the court to set aside the verdict and for a new trial.   The grounds are that subdivision (e) of section 205 of the Emergency Price Control Act of 1942 [U. S. Code, tit. 50, Appendix, § 925, subd. (e)] is unconstitutional; that the penalties provided for in the Act are not cumulative; that the verdict is excessive and contrary to the evidence and contrary to law.

This action was brought by the plaintiff, Morris R. Ward, against the defendant, Mary Bochino, to recover a penalty of $50 for each of thirty-one alleged separate violations of subdivision (e) of section 205 of the above-named Act, $1,550 in all.   The defendant, Mary Bochino, *admitted on the trial that she had overcharged the plaintiff fifty cents each for thirty-one consecutive weeks for the rental of an apartment in the village of Baldwinsville.*   The issues were clean cut and this court directed a verdict for $1,550.

John P. Doyle appeared as a witness for the plaintiff, Morris R. Ward.   He testified that he was an associate attorney for the Office of Price Administration.   He also produced the government records of the property in question and was in attendance throughout the trial.

*The question of the penalties being cumulative was not raised upon the trial and the court was not asked to pass upon that particular phase of the statute.*   The defendant and her attorney evidently relied upon various decisions throughout the nation which have held that the penalties provided for in the Act are cumulative.

The *only* questions raised *upon the trial were the questions of the constitutionality of the Act, and a claim by defendant's attorney that the jury should be allowed to assess the damages and pass upon the intent of defendant, Mary Bochino, to violate the statute.*

It does not make any difference whether the defendant, Mary Bochino, intended to overcharge the plaintiff, Morris R. Ward. The fact is that she did.   Her intent is not an element to be considered by this court.   An innocent violation of the Act may be just as harmful as a willful violation.

*The facts being undisputed it was the duty of the court to pass upon the questions raised by the pleadings and by the*

*attorneys.  There was no alternative for the court but to direct the verdict.  I am frank to say that had the question of cumulative penalties been raised upon the trial, I would have refused to direct a verdict for more than fifty dollars.*  The jury was in the box waiting for instructions from the court.  *I had no authority to reserve decision* and discharge the jury without consent of all the parties.  *I did reserve decision on the question of costs and attorney's fees, and the defendant's right to make this motion.*  They were matters for the court alone to decide.

Immediately after the trial I began an exhaustive study of the Emergency Price Control Act and the decisions applicable thereto.  After I had examined the law carefully, I entertained this motion.

. I am convinced that the Price Control Act is not unconstitutional.  *It is a war-born emergency statute.*  I am cognizant that in ordinary times and under ordinary circumstances courts might hold the Act and the regulations here involved unconstitutional.  *But these are not ordinary times.  These are war times.  We are engaged in a struggle for our very existence.*  Such laws as this are necessary in order to help us in that struggle.  *The people should do everything within reasonable bounds to aid and assist in enforcing this law.*  Actions like this are a strong deterrent against gouging and profiteering *by people who do not yet realize and appreciate that we are engaged in defending ourselves in a most unholy war.*

That brings us to the only remaining question to be considered in disposing of this motion.  That is:  Did the Congress of the United States when it framed and passed the Emergency Price Control Act, intend that the penalties provided for in subdivision (e) of section 205 should be cumulative, or did Congress intend to fix the penalty at $50 regardless of the number of continuing violations concerning the same individual?  Subdivision (e) of section 205 [U. S. Code, tit. 50, Appendix, § 925, subd. (e)], insofar as it is pertinent here, reads as follows: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, *the person who buys such commodity for use or consumption* other than in the course of trade or business *may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater,* plus reasonable attorney's fees and costs as determined by the court.  *For the purposes of this section the payment or receipt of rent*

*for defense-area housing accommodations shall be deemed the
buying or selling of a commodity, as the case may be.* * * *
Any suit or action under this subsection may be brought in
any court of competent jurisdiction, and shall be instituted
within one year after delivery is completed or rent is paid.''
(Italics are by the court.)

In determining the question of whether or not Congress
intended that the penalties provided for in the Act should be
cumulative, we should first determine whether the Act is a penal
statute or a remedial one. Congress has not in express words
attempted to define the character of this particular section.
The Supreme Court of the United States in the case of *Noble
State Bank* v. *Haskell* (219 U. S. 104, 110) held that a remedial
statute is one that gives relief to the aggrieved party and
that a penal statute is one that imposes penalties upon offenses
committed. In other words, the true test is whether the
penalty is imposed for *the punishment of a wrong or for the
redress of an injury to the individual.* Thus tested, it seems
clear to me that that section [§ 205, subd. (e)] of the Emergency
Price Control Act is penal as against the defendant, Mary
Bochino, and remedial in favor of the plaintiff, Morris R.
Ward. Therefore, it is penal in nature and should be strictly
construed.

The cardinal rule to be used in the interpretation of penal
statutes is to give effect to the intention of the legislative body
which enacted them. Such intention is primarily determined
from the language used, giving to the words their ordinary
meaning. (*Osborne* v. *International Ry. Co.*, 226 N. Y. 421.)

If it were the intention of Congress that the penalties fixed
by subdivision (e) of section 205 of the Act were to be cumula-
tive, then in the instant case the cumulated penalties could have
been $2,600 if the tenant, Morris R. Ward, waited fifty-two
weeks before bringing his action. That is the *time limit* fixed
in the statute for bringing an action. If it were a daily rental,
then the penalty could be fifty times 365 or $18,250 for one
year. In my judgment Congress never intended such a con-
struction of the statute. It would be so severe and oppres-
sive as to be wholly disproportionate to the offense and obvi-
ously unreasonable. It would permit the cunning individual
to sit back and wait for violations to accumulate before bring-
ing an action. But if he did that knowingly he could not recover
because the ancient maxim still prevails that '' no one can take
advantage of his own wrong ''. However, that question is not
in this case and I do not pass upon it.

The attorney for plaintiff, Morris R. Ward, argues that unless Congress intended that the penalties should be cumulative there would be no incentive for the aggrieved party to employ a lawyer and go to court to collect a fifty dollar penalty. I cannot agree with that contention because the question of costs and reasonable attorney's fees is left to the discretion of the trial court. It is the duty of the court to grant reasonable attorney's fees if the plaintiff is successful. In an aggravated or difficult case the court could make an award that would fully and fairly compensate the attorney. A fifty dollar penalty would compensate the average aggrieved patriotic person. Such penalty plus costs and attorney's fees would in my judgment be sufficient punishment for the wrongdoer. Then, too, if the overcharges amounted to a substantial sum the penalty would be three times that amount.

Plaintiff contends that this court is bound by the so-called " rule of comity " in the interpretation of the Act in question. He claims that there is abundant precedent for holding that the penalties prescribed in the statute are cumulative. He cites in support of that contention decisions of trial courts in several States of the union. Some of these decisions are: *Pratt* v. *Hollenbeck* (46 Pa. D. & C. 657); *Walters* v. *Melavas*, N. J. Dist. Ct., Orange Dist., March, 1943 (1 Price Control Cases [Commerce Clearing House, War Law Service, Price, Vol. 4] ¶ 51,738); *Rappa* v. *Domonkos*, N. J. Dist. Ct., Essex Co., Feb. 25, 1943 (1 Price Control Cases ¶ 51,753); *Kelly* v. *Graham*, Oregon Circuit Court, Multnomah Co., Sept. 9, 1943 (1 Price Control Cases ¶ 51,803) — that is an Oregon case which allowed $300 for six successive violations plus $175 attorney's fees; *Lapinski* v. *Copacino*, Connecticut Court of Common Pleas, Litchfield Co., June 16, 1943 (1 Price Control Cases ¶ 51,775; also reported in 12 Conn. Supp. 84) — that is a case in which $350 was allowed for successive violations, plus attorney's fees; *Kline* v. *Hargrave*, Illinois Circuit Court, Lee Co., July 20, 1943 (1 Price Control Cases ¶ 51,787); *Armstrong* v. *Aldorisio*, Connecticut Court of Common Pleas, New Haven Co., October 28, 1943 (1 Price Control Cases ¶ 51,819; also reported in 12 Conn. Supp. 226) — that is a case in which penalties were allowed for six successive overcharges; *Bennett* v. *Ondrus*, N. J. Circuit Court, Essex Co., July 26, 1943 (1 Price Control Cases ¶ 51,797). (Most of these citations may also be found in Volume 14 of the official " OPA Service, Compiled for Office of General Counsel, Office of Price Administration ", page 622 *et seq.*)

In passing upon the rule of comity (relied upon by plaintiff, Morris R. Ward, in the instant case), Justice BROWN, writing the opinion for the court in *Mast, Foos & Co.* v. *Stover Mfg. Co.* (177 U. S. 485), said on page 488: " Comity is not a rule of law, but one of practice, convenience and expediency. It is something more than mere courtesy, which implies only deference to the opinion of others, since it has a substantial value in securing uniformity of decision, and discouraging repeated litigation of the same question. But its obligation is not imperative. If it were, the indiscreet action of one court might become a precedent, increasing in weight with each successive adjudication, until the whole country was tied down to an unsound principle. Comity persuades; but it does not command. It declares not how a case shall be decided, but how it may with propriety be decided. It recognizes the fact that the primary duty of every court is to dispose of cases according to the law and the facts; in a word, to decide them right. In doing so, the judge is bound to determine them according to his own convictions. If he be clear in those convictions, he should follow them. It is only in cases where, in his own mind, there may be a doubt as to the soundness of his views that comity comes in play and suggests a uniformity of ruling to avoid confusion, until a higher court has settled the law. It demands of no one that he shall abdicate his individual judgment, but only that deference shall be paid to the judgments of other coördinate tribunals. Clearly it applies only to questions which have been actually decided, and which arose under the same facts."

I cannot find any case in this State where the particular question (of whether or not the penalties are cumulative) concerning the Price Control Act was raised and passed upon. It has not been construed or passed upon by the United States Supreme Court or the courts of last resort in this or any other State of the union so far as I can find, and no such decision has been called to my attention.

In further support of his contention that the penalties provided for in the Price Control Act are cumulative, plaintiff's attorney cites *St. Louis, Iron Mt. & So. Ry. Co.* v. *Williams* (251 U. S. 63). That is a case where a statute of Arkansas provided that any railroad company that demands or collects a greater compensation for the transportation of passengers than that fixed by the statute is subject " *for every such offense* " to a penalty of " not less than fifty dollars nor more than three hundred dollars " including costs and reasonable

attorney's fees. (Italics supplied.) Cumulative penalties were allowed in that case.

It should be noted that the statute relied upon in the *Williams* case is clear, specific and unambiguous. It provides that the wrongdoer shall be subject to a penalty *for every such offense.* Subdivision (e) of section 205, insofar as it is applicable to the instant case, provides that *" If any person selling a commodity violates a regulation,* * * * *the person who buys such commodity* * * * *may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price,* * * * *plus reasonable attorney's fees and costs as determined by the court."* (Italics supplied.) It does *not* say that the guilty party shall be liable to a penalty of $50 *for each violation* or *for every violation.* It cannot be fairly or reasonably implied from the language used in the Act that Congress intended that the penalties should be cumulative.

In all of the other United States Supreme Court decisions cited by the plaintiff where cumulative penalties were allowed, it will suffice to say that the language of the statute relied upon was clear and unmistakable.

A recovery for aggregated or cumulative penalties for violations of prohibitory laws will not be permitted in the absence of such a definite statement by the legislative body as not to leave its intention in that respect mistakable. A statute should not be so construed as to give cumulative penalties unless the legislative intent is expressed so clearly as to leave no room for misunderstanding (*Griffin* v. *Interurban St. Ry. Co.,* 180 N. Y. 538). In *Sturgis* v. *Spofford* (45 N. Y. 446), the court said on page 453: " Prosecutions for aggregated penalties should not be encouraged. * * * It is a wholesome rule not to allow a recovery for aggregated penalties unless the language of the statute clearly requires it."

The Court of Appeals in the case of *People* v. *Spencer* (201 N. Y. 105, 110) goes so far as to recognize a distinction between " every " and " each " and intimates that the use of the word " every violation " does not mean " each violation " unless there is other language in the statute which clearly expresses such intent.

The intent of Congress to make the penalties prescribed in subdivision (e) of section 205 of the Price Control Act cumulative does not appear in clear and unambiguous terms. I cannot find any language in the Act from which such intent can be reasonably inferred. I am satisfied from my study of the law and

rules of construction applicable to the Price Control Act that Congress did not intend that these penalties shall be cumulative.

I grant a new trial unless the plaintiff, Morris R. Ward, stipulates within ten days from the date hereof to reduce the verdict to $50. In the event plaintiff so stipulates, then he may enter a judgment for $50 plus statutory costs, together with the sum of $150 attorney's fees.