JOHN B. KERR, Plaintiff, *v.* JOSEPH CONGEL, Defendant

Municipal Court of Syracuse, February 18, 1944.

*George W. Richardson* for plaintiff.

*John J. Mahon* and *Joseph Mondo* for defendant.

ABELSON, J. This is an action brought by the plaintiff, John B. Kerr, against the defendant, Joseph Congel, to recover the sum of $360, being treble the amount of $120 which the plaintiff claims he overpaid the defendant for rent of the premises in question.

It appears that on or about April 7, 1943, the defendant Joseph Congel purchased from the First Methodist Church a one-family house located at 445 Brattle Road, Syracuse, New York; that prior to December 16, 1942, this property was registered with the Office of the Rental Director for the Syracuse Defense-Rental Area by the owner, First Methodist Church, through its agent, and the maximum ceiling placed at $65 per month.

On the 20th day of April, 1943, a lease for a term of one year from the 1st day of May, 1943, to the 30th day of April, 1944, providing for the payment of $80 per month, was entered into between plaintiff and defendant, covering the premises in question. From the 1st day of May, 1943, through the month of December, 1943, plaintiff paid to the defendant the sum of $80 for each and every month. The answer filed by the defendant admits the leasing of the premises at the rental of $80 per month and that plaintiff has continued to occupy said premises and has continued to pay the monthly rental of $80.

The plaintiff has brought this action under subdivision (e) of section 205 of the Emergency Price Control Act of 1942 [U. S. Code, tit. 50, Appendix, § 925, subd. (e)], and demands judgment against the defendant in the sum of $360, which sum is treble the amount by which the rent exceeded the applicable rent ceiling for the months commencing May 1st through and inclusive of December, 1943, together with reasonable attorney's fees, plus the costs and disbursements of this action.

It was admitted during the trial of the action that plaintiff leased the premises in question from the defendant landlord at a rental of $80 per month, and that since that date plaintiff has continued to pay the monthly rental of $80. Pursuant to the Federal Register, April 30, 1942 (7 Fed. Reg. 3195), the city of Syracuse was declared to be a defense-rental area. This same issue provided that the maximum rent date for Syracuse should be March 1, 1942.

One of the questions involved in this case was whether or not the plaintiff tenant had notice of the price ceiling, namely, $65, when he entered into the lease with the defendant land-

lord. The defendant produced a witness, Zelac Paikin, who testified to a conversation had with the plaintiff on or about the 25th of April, 1943, during which conversation the witness claimed the plaintiff stated in effect that he desired more expensive paper for the reason that " We are paying over the rent that we should have paid." The plaintiff, on the other hand, testified that he did not know of the rent ceiling until sometime in December. The defendant infers from the statement made by the plaintiff during this conversation that the plaintiff had notice of the rent ceiling. The statement made by the plaintiff to the witness may have several interpretations, and I cannot find as a matter of fact that the plaintiff had notice because of the statement made in his conversation with this witness. However, I may add that if the plaintiff did have notice of the rent ceiling and continued to pay the overcharge, we would be confronted with an entirely different situation. However, I find that the plaintiff did not have notice of the rent ceiling until sometime in December, 1943.

The defendant also raised the question that the overcharges are cumulative and that plaintiff could only recover for one overcharge. A careful reading of the section in question can provide for no other interpretation than to allow treble damages for all overcharges. The plain meaning of its language is confirmed by its legislative history. A report of the Senate Committee said of this section (referring to subdivision (e) of section 205): " To discourage initial violations, the committee substitute provides for actions at law to recover $50 or three times the amount of the illegal *overcharges*." (Italics supplied. Senate Report No. 931, 77th Cong. 2d Session.) The Conference Report says that this section permits a " civil action * * * for treble the amount of any unlawful overcharge (or a minimum of $50) * * *." (H. R. Report No. 1658, 77th Cong., 2d Session.) No committee of Congress said anything to suggest that this action permits an action " for not more than $50 or three times the amount of the illegal overcharges," or " for $50 or three times the amount of the illegal overcharges or such smaller sum as the court may think equitable." It will be noticed that the word " overcharges " is used instead of " overcharge."

It is not necessary for us to go into a history of the statute. It has been held that it is constitutional and further held that State courts would take judicial notice of the regulations of

the Office of Price Administration and that the statute in question is a remedial statute instead of a penal statute.

In the case of *Bowles* v. *Vinson* (U. S. Dist. Ct., New Mexico, Dec. 6, 1943 [1 Price Control Cases ¶ 51, 113 — Commerce Clearing House, War Law Service, Price, Vol. 4]), which was an action for treble damages where over a period of time the defendant sold and delivered to the plaintiff a quantity of beef, for which the defendant charged a sum in excess of the maximum price permitted by the revised maximum price regulation, it was held that the plaintiff was entitled to judgment against the defendant for three times the amount of overcharges abovementioned.

I therefore find that the plaintiff is entitled to the sum of $360, plus the sum of $60 attorney's fees, and the costs and disbursements of this action.

Judgment may be entered accordingly.