**EVERLY v. ZEPP et al.**

No. 3265.

District Court, E. D. Pennsylvania.

Oct. 2, 1944.

Herman P. Abramson and S. Regen Ginsburg, both of Philadelphia, Pa., for plaintiff.

Joseph H. Cochran and Nathan Kessler, both of Philadelphia, Pa., for Office of Price Administration.

WELSH, District Judge.

This suit was brought to recover damages, counsel fees and costs under Section 205(e) of the Emergency Price Control Act of 1942, 56 Stat. 23, 50 U.S.C.A.Appendix § 925(e), by reason of the following circumstances:

Charles M. Eismann owned a dwelling house at Ardsley, Pennsylvania, which he leased to Robert Barrett in 1939 at $26 per month, reserving for his own occupancy a room in the rear of the basement. The tenant occupied the premies until June, 1942, paying the rental of $26 per month until March 14, 1942, and thereafter at $30 per month. In June, Barrett vacated the premises, whereupon the landlord leased them to the plaintiff, a brother-in-law of the former tenant who was familiar with the premises, at $33 per month.

In August of 1942, Eismann filed the required rental registration with the Office of Price Administration Rent Area Director, reporting that the rental rate for the premises on March 1, 1942, the basic rental date, was $33 per month. The landlord died December 13, 1942, and the defendants were appointed executors of his estate. They continued to collect the monthly rent of $33 from the plaintiff. In May, 1943, the Rent Area Director advised the defendants that a complaint had been made of the violation of the ceiling price regulations, whereupon defendants remitted to the plaintiff $70 representing excessive rent received for the ten month period subsequent to the plaintiff's tenancy and advised that the rent would thereafter be payable at the rate of $26 per month. They also filed an amended registration with the correct rate.

Section 205(e) provides that a person who has been charged prices in excess of the maximum price or rental fixed under the O. P. A. Regulations "may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorneys fees and costs as determined by the court."

Plaintiff claims $50 for each of the ten months in which excessive rentals were paid, or $500, plus reasonable attorney's fees and costs. Although some of the excess payments were made to the landlord prior to his death, the plaintiff claims the right to recover therefor from the defendant executors on the ground that the liability of the landlord passed to his estate, and that for the excessive rentals collected by the executors they are directly liable. The defendants contend that the recovery allowed by the Act is a penalty, that no cause of action therefor survived the death of the landlord, and that as executors the defendants are relieved of their own liability by virtue of their good faith and the return of the excessive charges to the plaintiff.

An examination of the law seems to leave no doubt that the recovery allowed by the act is in the nature of damages and is remedial as distinguished from penal. Pratt v. Hollenbeck, 46 Pa. Dist. & Co. R. 657; Kaplan v. Arkellian, 32 A.2d 725, 21 N.J.Misc. 209. It follows that the action might have been maintained against the decedent if he had lived, and that his executors may now be sued for the damages which would have been recoverable from him. Pa. Act July 2, 1937, P.L. 2755, 20 P.S. § 772. We conclude that the landlord and his successors charged and received from the plaintiff rent in excess of the maximum rate permitted under the regulations

for ten successive months, and that the defendants are liable under the provisions of the Act.

Having determined the liability of the defendants, a question arises as to the amount of damage to be awarded to the plaintiff. Does the act require the payment of $50 for each of the ten successive overcharges or may we construe the repeated overcharge as arising out of a single transaction and make only a single assessment of the specified amount?

The circumstances of this case suggest certain possible inequities which might arise by a liberal enforcement of the act. If a consumer made a single purchase of 50 separate items of merchandise at prices slightly over the ceiling price, or if he had made many different purchases in the course of a continuing trade, would the seller be liable to pay $50 for each of said violations? And, in the present case, is the Court compelled to award $50 for each of the successive overcharges of the monthly rent? The language of the act is not entirely clear on this point. To award the maximum damages for each single successive payment may penalize an innocent or inadvertent violator and unconscionably enrich the consumer beyond the obvious intent of the legislators and the purposes of the act. The plaintiff herein should not be privileged to enter into a lease with the landlord at a mutually satisfactory rental, sit back and do nothing for many months until the possible damages added up to a substantial figure, and then bring suit for the maximum damages, attorney's fees and costs.

It has been said that the purpose of Sec. 205(e) is to give overcharged consumers the incentive to sue, so as to elicit their cooperation in discouraging price violations, and that in fixing the damages, Congress intended to eliminate judicial discretion in regard to the award of $50 by giving the consumer the unqualified right to recover that amount upon establishing the overcharge. The granting of judgment on a lesser amount was error. Bowles v. American Stores, 78 U.S.App.D.C. 238, 139 F.2d 377. The provision was not, however, created to make public informers of the general public, nor was it intended to enrich any person at the expense of the business man. Tropp v. Great A. & P. Tea Co., 32 A.2d 717, 21 N.J.Misc. 205.

The Supreme Court has said that although the language of the act, Sec. 205 (a), appears to be mandatory some discretion must be allowed to the courts in construing it. They have been entrusted with a share of the responsibility in the war against inflation and their discretion in applying the remedies provided must be exercised in the light of the large objectives of the act. The standards of public interest and not the requirements of private litigation measure the propriety and need for the relief authorized. The Court favored the interpretation which affords full opportunity for courts to treat the proceedings under the act in accordance with their traditional practices as conditioned by the necessities of the public interest. Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. ——.

The landlord is not relieved of liability by reason of his good faith and the inadvertence of the violation, and the section 205(e) should be strictly construed (Ward v. Bochino, 181 Misc. 355, 46 N.Y.S. 2d 54), but in the light of the above principles. The decided cases are not entirely uniform. It has been held that a tenant who has been overcharged could recover for the several overcharges and not only for the last. In that case the plaintiff sued for treble the aggregate overcharges. Kerr v. Congel, 181 Misc. 461, 46 N.Y.S.2d 932. It has also been held that the section does not provide cumulative penalties so as to permit the plaintiff to recover $50 for each of 31 successive violations by the landlord and recovery was limited to $50 plus attorney's fees and costs. Ward v. Bochino, supra. We likewise hold that the tenants who have paid rent in excess of the ceiling price are not entitled to recover $50 for each of the successive months in which the overcharge was made. The rental contract is one continuous contract or transaction even though the rent be paid monthly, and the tenant may not multiply the remedy by the number of months involved in the violation. The rule is applicable to the circumstances of this case and it accomplishes substantial justice. The plaintiff, having elected to sue for $50 instead of treble the overcharge, is entitled to recover that amount for the violation by the decedent and his successors. He may also recover costs and such reasonable counsel fees as the court shall determine. Fees have been awarded in the sum of $60 when the recov-

ery was $360 (Kerr v. Congel, supra), $150 where recovery was $50 (Ward v. Bochino, supra) and in another case, $25 where the recovery was $50, although the court noted that the services rendered in the trial court and on appeal were obviously worth more. Whatley v. Love, La.App., 13 So.2d 719. The attorney's fees should not be in an amount tending to render such litigation profitable, and we think they should be the minimum commensurate with the necessity of the litigation to preserve the rights of the client. Under the circumstances we do not think the fee should exceed the recovery and accordingly award $50 to the plaintiff's attorneys. The defendants have refunded the $70 overcharged for the ten month violation. This was proper and we deem it a voluntary refund made in good faith and in the interest of complying with the requirements of the act.

Judgment is entered for the plaintiff in the sum of $50 together with attorneys fees of $50 and the costs of the proceeding.