**LAMBUR et al. v. YATES.**

No. 13026.

Circuit Court of Appeals, Eighth Circuit.

April 4, 1945.

Rehearing Denied April 18, 1945.

Malcolm I. Frank, of Saint Louis, Mo.
(William M. Fitch, of Saint Louis, Mo., on
the brief), for appellants.

138

Frank Mashak, of Saint Louis, Mo., for appellee.

Before GARDNER, THOMAS, and JOHNSEN, Circuit Judges.

THOMAS, Circuit Judge.

The plaintiff, appellee, was, beginning April 27, 1942, a tenant of the appellants under a month to month lease, occupying a family unit in an apartment house in St. Louis, Missouri, within the St. Louis Defense-Rental Area. The maximum rental for the apartment under the regulation of the Price Administrator effective July 1, 1942, was $40 a month. The appellants charged and collected from the plaintiff $45 monthly in advance. The plaintiff discovered that he was charged and required to pay an excess of $5 monthly, and on January 31, 1944, filed his complaint in the district court in 13 counts alleging in each count the liability of the appellants in the amount of $50 for separate monthly payments and praying for an aggregate judgment for $650 and for a reasonable attorney's fee and costs. The case was tried to a jury and a verdict for $50 was returned on each count from counts 2 to 13, inclusive, and a judgment was entered thereon for $600 in favor of the plaintiff and for an attorney's fee in the amount of $125 and costs.

The action is based upon § 205(e) of the Emergency Price Control Act of 1942, 56 Stat. 23, 33, 50 U.S.C.A. Appendix § 925 (e), prior to the Amendment of June 30, 1944. The statute reads: "If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum prices, the person who buys such commodity for use or consumption other than in the course of trade or business may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price, whichever is the greater, plus reasonable attorney's fees and costs as determined by the court. For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be. * * * Any suit or action under this subsection may be brought in any court of competent jurisdiction, and shall be instituted within one year after delivery is completed or rent is paid. * * *"

The appellants present but one question on this appeal, namely, whether there were twelve violations of the Emergency Price Control Act or only one violation.

The case was pleaded and tried on the theory that there were twelve violations, that the charge and receipt of each monthly rental constituted a separate and distinct violation of the act. No objection was raised in the trial court. The contention that there was but one violation of the act is raised in this court for the first time. Ordinarily under these circumstances an appellate court will refuse to review the judgment of a trial court entered upon the verdict of a jury. Fleischmann Construction Company v. United States, to Use of Forsberg, 270 U.S. 349, 356, 46 S.Ct. 284, 70 L.Ed. 624. On appeal the parties are usually restricted to the theory on which the cause was tried in the lower court. Jones v. Tower Production Co., 10 Cir., 120 F.2d 779, 782; Century Furniture Co. v. Bernhard's Inc., 9 Cir., 82 F.2d 706, 707; Western Fire Ins. Co. v. Word, 5 Cir., 131 F.2d 541, 543; Barnsdall Refining Corp. v. Cushman-Wilson Oil Co., 8 Cir., 97 F.2d 481, 485; Valley Shoe Corporation v. Stout, 8 Cir., 98 F.2d 514, 518; Kansas City Southern Ry. Co. v. McDaniel, 8 Cir., 131 F.2d 89, 92.

The foregoing rule is not absolute. A federal appellate court has power to notice and to review an apparent error not properly raised on the record. This power is and should be sparingly exercised only for the purpose of preventing a miscarriage of justice and in cases in which the public interest is directly and substantially involved. 28 U.S.C.A. § 391; Berger v. United States, 295 U.S. 78, 82, 55 S.Ct. 629, 79 L.Ed. 1314; Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 480, 53 S.Ct. 252, 77 L.Ed. 439; Brasfield v. United States, 272 U.S. 448, 450, 47 S.Ct. 135, 71 L.Ed. 345; Trapp v. Metropolitan Life Ins. Co., 8 Cir., 70 F.2d 976, 981; Wayne v. New York Life Insurance Co., 8 Cir., 132 F.2d 28, 37; United States v. Harrell, 8 Cir., 133 F.2d 504, 507; Ettman v. Federal Life Ins. Co., 8 Cir., 137 F.2d 121, 126.

This is a civil case and the amount involved is not gerat. However, we are advised that numerous cases involving the application of the statute to the charge and receipt of rentals in excess of the maximum established by the regulations are pending in the courts in this circuit, and our attention has not been called to a decision of any federal appellate court con-

struing the statute. Further, the decisions of the district courts and of the state courts are in conflict. Although the statute has been amended and no more cases will be filed under it, we are constrained to express our views in regard to its proper construction.

The appellants contend that when the appellee leased the apartment there was only one "selling" within the meaning of the statute, and the fact that the lease was on a month to month basis and that the rentals were paid monthly did not give rise to a separate right of action for $50 under the statute for each monthly payment. They argue that, therefore, the judgment should be for $50 only. This contention is supported by McCowen v. Dumont, D.C.Mo., 54 F.Supp. 749; Link v. Kallaos, D.C.Mo., 56 F.Supp. 304; Everly v. Zepp, D.C.Pa., 57 F.Supp. 303; Peters v. Felber, Cal.Super., 152 P.2d 42; Ward v. Bochino, 181 Misc. 355, 46 N.Y.S.2d 54. The appellee contends that the statute gives to the tenant a separate right of action for $50 for each "payment or receipt of rent" in excess of the "applicable price." The tenant's contention is supported by Gilbert v. Thierry, D.C.Mass., 58 F.Supp. 235; Lapinski v. Copacino, 131 Conn. 119, 38 A.2d 592; Kerr v. Congel, 181 Misc. 461, 46 N.Y.S.2d 932. See, also, cases cited by Judge Wyzanski in footnote, 58 F.Supp. page 239.

We think the cases supporting the tenant's contention correctly construe the statute.

■ All statutes must be given a sensible construction. The sole object of construction is to determine the legislative intent. Such intent must be found primarily in the language of the statute itself; but when the language is ambiguous or the meaning is doubtful, the court should consider the purpose, the subject matter and the condition of affairs which led to its enactment, and so construe it as to effectuate and not destroy the spirit and force of the law and not to render it absurd. American Tobacco Co. v. Werckmeister, 207 U.S. 284, 28 S.Ct. 72, 52 L.Ed. 208, 12 Ann.Cas. 595; United States v. Katz, 271 U.S. 354, 46 S.Ct. 513, 70 L.Ed. 986; United States v. Cooper Corporation, 312 U.S. 600, 61 S.Ct. 742, 85 L.Ed. 1071. A remedial statute should be liberally construed to effect the purpose of Congress and to give remedy in all cases intended to be covered.

Miller v. Robertson, 266 U.S. 243, 248, 45 S.Ct. 73, 69 L.Ed. 265.

■ The statute under consideration is an emergency war measure, declared (§ 901) "to be in the interest of the national defense and security and necessary to the effective prosecution of the present war." The purposes of the act are "to stabilize prices and to prevent speculative, unwarranted, and abnormal increases in prices and rents; * * * to protect persons with relatively fixed and limited incomes, * * * to prevent a post emergency collapse of values; * * *." To enforce the act and thus to effect these purposes § 925 was enacted. Section 925(e) in giving a remedy to consumers and tenants is in the nature of a qui tam law. This section is designated not only to give consumers a remedy for "overcharges", but also to enlist their assistance in enforcing the act by making an action for recovery of damages worth while. Other parts of the act provide criminal and licensing remedies more drastic than that afforded by § 925(e), supra.

■ With these rules of interpretation and the purposes of Congress in mind, we think there can be no doubt as to the proper construction and application of the statute to the problem before us. The law declares that "If any person selling *a commodity* violates" a maximum price schedule, "the person who buys *such commodity* * * * may bring an action either for $50 or for treble the amount by which the consideration exceeded the applicable maximum price * * *. For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the *buying* or *selling* of a commodity, * * *." (Italics supplied.) Clearly each "receipt of rent" must be "deemed the * * * selling of a commodity" and gives rise to a separate right of action. To hold otherwise would destroy the vitality of the remedy and place a premium upon repeated violations. Compare U. S. ex rel. Marcus v. Hess, 317 U.S. 537, 552, 63 S.Ct. 379, 87 L.Ed. 443. If the law granted but one cause of action for numerous rental overcharges tenants would not be encouraged, in cases where the overcharge was relatively small, to bring an action under the act in aid of its enforcement; and, in such cases, the remedy provided in § 925(e) would not tend to induce landlords to desist from collecting over-

**140**

charges. In discussing the quoted language of the statute the Supreme Court of Errors of Connecticut, in Lapinski v. Copacino, supra [131 Conn. 119, 38 A.2d 597], said, "There seems to be little room to question that, by this language, the Congress intended that each payment or receipt of rent should constitute a separate offense, even in the case of a lease which stipulates a rent for its entire duration payable in part at periodic intervals. * * * Certainly that is the clear effect of the act as regards a month-to-month tenancy in this state, for by our law under such a tenancy each month's occupancy constitutes a separate leasing." Citing Corrigan v. Antupit, 131 Conn. 71, 76, 37 A.2d 697. This last observation is equally applicable to the present case, for under Missouri law "A tenancy from month to month is not a continuing right of possession; but * * * is taken to end and recommence at the expiration of every month." Clarke v. Thatcher, 9 Mo.App. 436.

For the foregoing reasons the judgment appealed from is affirmed.