In the Matter of 30 WYTHE AVENUE REALTY CORPORATION, Petitioner.

FERRO-CO CORPORATION, Respondent.

Supreme Court, Special Term, Kings County, May 26, 1945.

*Herman Goldman* for petitioner.

*Carroad & Carroad* for respondent.

RUBENSTEIN, J. It appears from the papers herein that a proceeding brought by petitioner landlord for the fixation of rent for commercial property occupied by the respondent tenant Ferro-Co Corp. (L. 1945, ch. 3, § 4, as amd.) has been referred to an official referee to take proof.

This is a motion by petitioner to strike out the answer interposed by the tenant on the ground that tenant has forfeited its right to be heard in the proceeding because of its failure to pay the "emergency rent" for May, 1945 (see amendment to ch. 3, § 4, as made by L. 1945, ch. 315, eff. March 28, 1945); or, in the alternative, to strike out paragraph "Fourth" of such answer as insufficient and irrelevant.

The "emergency rent" for the demised premises, as defined in the statute, concededly is $690 per month. Pursuant to the terms of a written lease entered into between the parties on January 26, 1945, the rent reserved is $958.33 a month.

Section 4 of the statute provides that " A rent, exceeding in amount the emergency rent, may within the limitations specified by this section, be fixed * * * by the supreme court." Then follow provisions prescribing certain factors to be considered and procedure to be followed for that fixation In the amendment it is provided: " As a condition precedent to being heard in any proceeding or arbitration under this section, the tenant must pay to the landlord the emergency rent on each date when the rent is due under the terms of his lease, rental agreement or tenancy."

Then follows the provision that, " Any landlord who shall wilfully demand or accept a rent in excess of the emergency rent, or a rent fixed pursuant to section four of this act, shall forfeit the succeeding month's rent."

In the paragraph (fourth) of the answer objected to respondent tenant pleads a forfeiture of the rent for May, 1945, by the petitioner landlord, pursuant to the above quoted language, because of such petitioner's demand for and acceptance of $958.33 instead of the " emergency rent " of $690. As a result of this, tenant argues further that the rent for May, 1945, has been paid.

Such matter, it would appear, goes to the tenant's right to be heard in the rent fixation proceeding and, as such, is " new matter " and not responsive to the statutory issues tendered

by the landlord's application for the fixation of a higher rent. As new matter, I think, it should be pleaded and tendered affirmatively, apart from the general issue.

As originally enacted on January 24, 1945, the statute, while defining the " emergency rent " (§ 2, subd. [e]), placed no prohibition upon the receipt by the landlord or payment by the tenant of any rent in excess of same. The amendment, as stated, became effective March 28, 1945. It is the landlord's claim that it accepted the regular rent for April called for by the lease while in ignorance of such amendment, whereas the tenant, with knowledge thereof, deliberately acted to entrap it into a forfeiture. Under the circumstances, the landlord asserts its action was not " wilfull ".

Whether it was or was not and whether the tenant was guilty of the conduct charged, I think, present issues of fact upon which proof might also be taken by the official referee.

The statute undoubtedly prescribes a penalty in this respect. Penalty provisions are to be strictly construed. (*Town of Hempstead* v. *City of New York*, 52 App. Div. 182; *Ward* v. *Bochino*, 181 Misc. 355, affd. 268 App. Div. 814.)

It is also true, as urged by petitioner, that courts do not look favorably on " entrapments " (*Lightbody* v. *Russell*, 45 N. Y. S. 2d 15).

The motion insofar as it seeks to strike out the entire answer is denied. The fourth paragraph is stricken, but with leave to respondent to set up as an affirmative defense the matter therein contained, in which event the factual issues as to the " wilfullness " of the landlord's act and the tenant's alleged " entrapment " should also be passed upon by the official referee. Settle order on notice.