**BOWLES, Price Administrator, v. GREENE.**

**No. 5612.**

District Court, D. Kansas, First Division.

April 25, 1946.

Dick F. Bennett and Eugene F. O'Keefe, both of Kansas City, Mo., and Stephen V. Medling, of Jefferson City, Mo., for plaintiff.

Arthur J. Stanley, Sr., Arthur J. Stanley, Jr., J. E. Schroeder, Lee E. Weeks, and Leonard O. Thomas, all of Kansas City, Kan., for defendant.

MELLOTT, District Judge.

Defendant has moved to dismiss an action instituted against him by the administrator, Office of Price Administration, to recover damages under Section 205(e) of the Emergency Price Control Act [1] for an alleged overcharge of $323.50 in the sale of a used commercial motor vehicle. The parties have stipulated that the court may assume the following to be the facts:

"1. That on the 28th day of October, 1944, L. H. Greene (the defendant in this action) sold one used, 1940 Chevrolet truck to Elmo Warren and Joseph P. Wolfe, individuals doing business as Warren and Wolfe. This sale occurred in Wyandotte County, Kansas.

"2. That on the 11th day of December, 1944, said Elmo Warren and Joseph P. Wolfe filed an action in the District Court of Wyandotte County, Kansas, against said L. H. Greene, claiming damages amounting to three times the difference between the alleged ceiling price of said truck and the sale price thereof. This suit was instituted under Section 205, subsection (e) of the Emergency Price Control Act of 1942 as amended June 30, 1944. Said action so filed was entitled; 'Elmo Warren and Joseph P. Wolfe as individuals doing business as Warren and Wolfe, plaintiffs, vs. L. H. Greene, doing business as Trafficway Motors, defendant,' the same being numbered 68407–A in the District Court of Wyandotte County, Kansas. The attorney for the plaintiffs in said action was A. J. Herrod, a member of the Bar of Wyandotte County, Kansas.

"3. That the duly authorized attorneys for the administrator of the Office of Price Administration in Kansas City, Missouri, knew of the filing of said action and of the pendency thereof. The said attorneys were furnished with copies of the amended petition filed in said cause of action soon after it was filed, pursuant to their request addressed to A. J. Herrod, attorney for the plaintiffs. Said attorneys for the administrator as aforesaid were also furnished with copies of defendant's answer filed in said action by attorneys for the defendant. The attorneys for the defendant in said state action were Stanley, Stanley, Schroeder, Weeks & Thomas, members of the Bar of

[1] Emergency Price Control Act of 1942, as amended by Stabilization Extension Act of 1944, January 30, 1942, C. 26, Title II, 56 Stat. 33, as amended June 30, 1944, C. 325, Title I, 58 Stat. 640, 50 U.S.C.A. Appendix, § 925.

Wyandotte County, Kansas. That on various occasions during the pendency of said action in said State District Court, the attorneys for the plaintiffs in said action and the attorneys for the defendant in said action, discussed the case with attorneys for the Administrator of the Office of Price Administration in Kansas City, Missouri, and in said conversation, it was claimed by the attorneys for the Office of Price Administration that the cause of action for said sale vested in the Administrator.

"4. That Section 205(d) of the Emergency Price Control Act of 1942, and Stabilization Extension Act of 1944 provides as follows:

" '(d)  No person shall be held liable for damages or penalties in any Federal, State, or Territorial court, on any grounds for or in respect of anything done or omitted to be done in good faith pursuant to any provision of this Act or any regulation, order, price schedule, requirement, or agreement thereunder, or under any price schedule of the Administrator of the Office of Price Administration or of the Administrator of the Office of Price Administration and Civilian Supply, notwithstanding that subsequently such provision, regulation, order, price schedule, requirement, or agreement, may be modified, rescinded, or determined to be invalid. In any suit or action wherein a party relies for ground of relief or defense upon this Act or any regulation, order, price schedule, requirement, or agreement thereunder, the court having jurisdiction of such suit or action shall certify such fact to the Administrator. The Administrator may intervene in any such suit or action.'

"5.  That on the 20th day of October, 1945, the Missouri attorneys for the Administrator of the Office of Price Administration filed this action in the United States' District Court.  This action was brought against said L. H. Greene to recover treble damages by reason of the same sale of property to the same purchasers as that mentioned in paragraph 1 of this stipulation.  This action was filed on behalf of the Administrator of the Office of Price Administration against said L. H. Greene, pursuant to the terms and provisions of Section 205, Subsection (e) of the Emergency Price Control Act of 1942, as amended June 30, 1944.

"6.  That the District Court of Wyandotte County, Kansas did not notify or certify the fact to the Administrator of the Office of Price Administration of the pendency of the action entitled 'Elmo Warren and Joseph P. Wolfe as individuals doing business as Warren and Wolfe, plaintiffs, vs. L. H. Greene, doing business at Trafficway Motors, defendant.'

"7.  Issues were joined in the action pending in the District Court of Wyandotte County, Kansas, hereinbefore mentioned, on May 10, 1945, and said cause was on the trial docket of said Court for the June, 1945 term, and the December, 1945, term of the District Court of Wyandotte County, Kansas.

"8.  That on the 19th day of December, 1945, said cause came on for trial in the District Court of Wyandotte County, Kansas, before Judge Willard M. Benton, Judge of Division No. 2 of the District Court of Wyandotte County, Kansas. A jury was waived by the parties and evidence was introduced on behalf on (sic) the plaintiffs.  At this trial the record of testimony in the State Court action is shown in the transcript which is attached to the objections to the motion to dismiss filed by the plaintiffs in this action.  The journal entry of judgment entered by the Court in the State District Court action is attached to the * * * motion to dismiss filed in this action.  (A copy of the Journal Entry of Judgment is shown in the margin.[2])

---

[2] Now on this 19th day of December, 1945, the above action comes regularly on for trial, the plaintiffs, Elmo Warren and Joseph P. Wolfe, appearing in person and by their attorney, A. J. Herrod, and the defendant, L. H. Greene, appearing in person and by Lee E. Weeks of Stanley, Stanley, Schroeder, Weeks & Thomas, his attorney. And a jury being waived by all parties hereto, said cause comes regularly on for hearing before the Court.

Whereupon evidence is introduced on behalf of the plaintiffs, Elmo Warren and Joseph P. Wolfe, and the Court, having examined the files and pleadings

"9. That the Administrator of the Office of Price Administration did not at any time enter his appearance in the action pending in the District Court of Wyandotte County, Kansas, and that the judgment rendered by Judge Willard M. Benton on December 19, 1945 was entered of record without the knowledge of the attorneys for the Administrator.

"A copy of plaintiffs' amended petition as filed in the District Court of Wyandotte County, Kansas, together with defendants' answer and plaintiffs' reply is attached hereto."

In the amended petition it is alleged that the plaintiffs "purchased from the defendant for their own use" the same property as that described in the complaint in this case at a price $300 in excess of the maximum price permitted under the regulations of the O.P.A. Recovery of $900 as treble damages and $500 for attorney fees was sought. The answer admitted the sale of the automobile truck to the plaintiffs on the date alleged in the amended petition but contained a general denial. In the answer it was specifically alleged that the automobile "was purchased by the plaintiffs * * * for use in the course of trade or business of the said plaintiffs and by reason thereof said plaintiffs are not entitled to bring said action under the terms and provisions of the Emergency Price Control Act of 1942 and the Stabilization Act of 1942 and amendment thereto." It was further alleged that the plaintiffs had "failed to institute this action within thirty days from the date of the alleged occurrence of said violation and are therefore not entitled to bring said action." The reply was a general denial.

Several questions are discussed by the parties upon brief. Plaintiff urges that the purchase of the automobile truck under the circumstances indicated by this record was made in the course of trade or business and therefore that the purchaser could not maintain an action against the seller, under Section 205(e) of the Act, as amended, on account of the overcharge; that nobody except the government had a right of recovery; that the defendant well knew that this was so prior to the trial of the case in the State Court as is indicated by his pleading filed in that cause; that no valid judgment could be rendered in the State Court since the government was not a party therein, the court having failed to certify to the administrator that a suit had been instituted "wherein a party * * * [relied] for ground of relief or defense upon * * * [the] act or any regulation, order, price schedule, requirement, or agreement thereunder"; and that, inasmuch as the government was not a party in the case in the State Court, the judgment rendered therein was void. Defendant argues that

herein, and having heard the evidence and the arguments of counsel, does find:

1. That on or about the 28th day of October, 1944, the plaintiffs purchased from the defendant one used Chevrolet 1940 automobile truck, Motor No. T-3566017, for the sum of $1050.00, and the plaintiffs paid said sum of $1050.00 therefor.

2. That said automobile truck was so purchased by the plaintiffs herein for their own use and not for use in the course of trade or business within the meaning and provisions of Subsection E of Section 205 of the Emergency Price Control Act of 1942, and the Stabilization Act of 1942 as amended by Stabilization Extension Act of 1944.

3. That extra equipment was attached to said automobile truck when the same was sold and a used car warranty was given by the defendant to the plaintiffs covering said automobile truck. That said plaintiffs herein were charged a price in excess of the maximum price established by the revised maximum price regulations therefor.

4. That the plaintiffs herein instituted this action on the 11th day of October, 1944, and that they were entitled to bring the same, and that the Court has jurisdiction of the parties herein and of the subject of this action.

5. That the plaintiffs herein should have and recover of and from the defendant herein the sum of $100.00, plus attorney's fees in the sum of $50.00, and the costs of this action.

It is therefore by the Court

Ordered, that the plaintiffs, Elmo Warren and Joseph P. Wolfe, have and recover judgment against the defendant. L. H. Greene, for the sum of $100.00, plus attorney's fees for plaintiffs' attorney in the sum of $50.00, and for the costs of this action, taxed at $13.30.

Willard M. Benton

*Judge, District Court, Division No. 2*

the State Court had jurisdiction of the subject matter of the action and of the parties; that it is a court of general jurisdiction; that knowledge of the pendency of the action by attorneys and representatives of the administrator was knowledge by him and therefore certification, as required by the act, need not be made; that the administrator, in the interest of avoiding multiplicity of actions, should have intervened in the State Court action rather than filing a suit in this court; and that the administrator's objection to dismissal of this action constitutes a collateral attack upon the State Court judgment.

■ Extended discussion of all the contentions of the parties is neither necessary nor desirable. The act was passed "to stabilize prices and to prevent speculative, unwarranted, and abnormal prices and rents; to eliminate and prevent profiteering, hoarding, manipulation, speculation and other disruptive practices * * *; to protect persons with relatively fixed incomes * * *; to assist in securing adequate production of commodities and facilities; [and] to prevent a post emergency collapse of values * * *." In short, to prevent inflation with its attendant evils. To enforce the act and to effectuate its purposes Section 205 was enacted. Subsection (e) of this section, giving purchasers "for use or consumption" the right to bring an action, is in the nature of a qui tam law, designed to enlist their assistance in enforcing the act. Bowles v. Farmers National Bank of Lebanon, Ky., 6 Cir., 147 F.2d 425; Lambur v. Yates, 8 Cir., 148 F.2d 137. The other enforcement provisions of the act, however, are to be carried out at the behest of and upon complaint or petition of the Administrator. In this category, under the act as originally passed as well as under the act as amended, are sales "in the course of trade or business" above maximum or "ceiling" prices.

■ The phrase "in the course of trade or business," as used in the act, has been the subject and source of considerable litigation in the courts. Some have taken the view that one who acquired an automobile truck or tractor under circumstances analogous to those shown in this record, was a purchaser "for use or consumption." The weight of authority seems to be—in any event, such is the rule in this jurisdiction—that such a purchase is "in the course of trade or business." Bowles, Price Administrator, v. Madl et al., 10 Cir., 153 F.2d 21. It is obvious, therefore, that the instant case was properly filed by the plaintiff herein and that he alone had the right to institute such an action.

■ Movant's contention that failure to sustain his motion to dismiss the action is tantamount to permitting a collateral attack upon a judgment of the State Court is not sound. The stipulation of the parties is that the court "did not notify or certify [to the administrator] the fact" that an action wherein a party relied for ground of relief upon the act being administered by him or upon the regulations, orders and price schedules issued by him, had been instituted. The act gives the administrator the right to intervene in such action for the very purpose of presenting to the court the vexing question whether he or the plaintiff in that action is the proper one to prosecute it. It was incumbent upon movant here to see to it that such certification was made. He did not do so.

Being of the opinion that the judgment of the State Court, under the stipulated facts, was not binding upon the administrator and does not prevent him from prosecuting the instant case, order will be entered denying the motion to dismiss.