Habéis, J.
The plaintiff appeals from an order of the County Court of Monroe County which order affirmed a judgment of the City Court of the City of Rochester in favor of the plaintiff-appellant against the defendant-respondent in the sum of $68.75.
The cause of action as set forth in the complaint is based on a claimed violation of the defendant-respondent of the Emergency Price Control Act, as amended, revised and extended by the Stabilization Act and Stabilization Extension Act, as passed by the Congress of the United States. (U. S. Code, tit. 50, Appendix, § 901 et seq.; Act of Jan. 30, 1942, 56 U. S. Stat. 23, as amd. June 30, 1944, by 58 U. S. Stat. 632, and extended by 59 U. S. Stat. 306.) The violation claimed by the plaintiff was an overcharge of rent of a family dwelling owned by the defendant-respondent and occupied by the plaintiff-appellant as a tenant. The premises were situated in the city of Rochester, N. Y., the maximum rental thereof fixed by the proper officers of the government was $38 per month, and the rental charged for the period in question was at the rate of $45 per month for the months beginning July, 1945, and including January, 1946, and at the rate of $40 per month for the months of February, March and April, 1946.
On trial in the City Court of Rochester, the proof presented to the court consisted of the following: ‘ ‘ By Mr. S. Ghikovsky: At this time I ask counsel to stipulate if the defendant is the owner of the two-family dwelling, 588 Magee Avenue? By Mr. *320 LoMonaco: Frankly there is no issue here as to the facts. Court: Will you stipulate Mr. LoMonaco your client is the owner of the premises. By Mr. S. Chikovsky: Will you stipulate that from the 27th day of June 1945 to the 31st day of January 1946 the defendant did demand and receive from the plaintiff rent for said premises to wit: $45.00 per month for each and every month of said months. By Mr. LoMonaco: I will stipulate that under an honest mistake the defendant did collect rental from this plaintiff for the months of July, August, September, October, November, December and January in the sum of $45.00, and for the months of February, March and April under an honest mistake and unintentionally the defendant did collect rentals in the sum of $40.00 per month. By Mr. Chikovsky: I will so stipulate with the exception of the word ‘ honest ’. By Mr. LoMonaco: I am also willing to state for the record the total amount of the overcharge is $55.00 and we offer judgment in that amount. And we are prepared this morning to deposit the said overcharge with the Court. Court: Is that correct Mr. Chikovsky? By Mr. Chikovsky: No it is not. The overcharge is correct, $55.00.” Based on such proof, the plaintiff (now appellant) asked for damages of triple the amount of the overcharge and for his attorney’s fee to be determined by the court. The court granted judgment in favor of the plaintiff and against the defendant for the exact amount of the overcharge, $55, and court costs, and made no allowance, for attorney’s fee. The contention of the plaintiff-appellant on this appeal is that he was entitled to triple damages and a reasonable fee for his attorney’s services in the suit.
As pertinent to the question now before this Court, quotation is made from the Emergency Price Control Act, as follows: “ § 901. Purposes * * *. (a) It is hereby declared to be in the interest of the national defense and security * * * and the purposes of this Act * * '* are, to stabilize prices and to prevent speculative, unwarranted, and abnormal increases in prices and rents; to eliminate and prevent profiteering * * * to protect persons with relatively fixed and limited incomes * * * from undue impairment of their standard of living; to prevent hardships to persons * *
“ § 925. Enforcement. * * * (d) No person shall be help! liable for damages or penalties * * * on any grounds for or in respect of anything done or omitted to be done in good faith pursuant to any provision of this Act * * *. (e) If any person selling a commodity violates a regulation, order, or price schedule prescribing a maximum price or maximum *321 prices, the person who buys such commodity for use or consumption * * * may * * * except as hereinafter provided, bring an action against the seller on account of the overcharge. In such action, the seller shall be liable for reasonable attorney’s fees and costs as determined by the court, plus whichever of the following sums is the greater: (1) Such amount not more than three times the amount of the overcharge, or the overcharges, upon which the action is based as the court in its discretion may determine, or (2) an amount not less than $25 nor more than $50, as the court in its discretion may deter-. mine: Provided, however, That such amount shall be the amount of the overcharge or overcharges or $25, whichever is greater, if the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation. For the purposes of this section the payment or receipt of rent for defense-area housing accommodations shall be deemed the buying or selling of a commodity, as the case may be; and the word ‘ overcharge ’ shall mean the • amount by which the consideration exceeds the applicable maximum price. * * * Any action under this subsection by * * * the buyer * * * may be brought in any court of competent jurisdiction. * * * ”
On the question of allowance or disallowance of triple damages for the overcharge, a tenant overcharged is entitled to triple damages unless “ the defendant proves that the violation of the regulation, order, or price schedule in question was neither wilfull nor the result of failure to take practicable precautions against the occurrence of the violation. ’ ’ (§ 925, supra.) The trial court in granting judgment made a finding fixing the damages at the single amount of the overcharge, and in such finding is implicit its determination that the overcharge was one that was not willful nor the result of failure to take the precautions specified in section 925 {supra); so, insofar as the allowance of $55 is concerned, the judgment of the City Court and the order of the County Court should be affirmed by this court.
Turning to the question of attorney’s fees, it is plain from the verbiage of section 925 {supra), that attorney’s fees are to be allowed whether or no the overcharge warranted single or triple damages. Attention has been drawn to the fact that the record contains no testimony as to the amount of the services rendered by the attorney and the value of such services. However, it can be determined from the record that such services *322 consisted of the preparation of a complaint and the appearance in the City Court of Rochester for part of a day. It is true that in the case of Ward v. Bochino (181 Misc. 355, affd. 268 App. Div. 814) proof was made as to the amount and value of the services, but the sending of this case now before the court back for retrial, for the purpose of taking testimony on the amount and value of such attorney’s services, would cause expense to both of the parties hereto disproportionate to the amount involved in the suit, and a retrial should be avoided if a • basis for such avoidance can he found. This court has before it the record of the trial and has within its knowledge the value of attorney’s services in these and similar matters, and is justified in fixing the value of such services from these elements of its knowledge. (See Aronwald v. Sperber, 184 Misc. 314.) The value of such services in the City Court of Rochester is fixed at the sum of $35.
The judgment should be modified by adding thereto the sum of $35 damages and should he affirmed, with costs in this court.
All concur. Present — Taylor, P. J., Dowling, Harris, MoCurn and Love, JJ.
Judgments of the Monroe County Court and the Rochester City Court modified on the law in accordance with the opinion and as modified affirmed, with costs to the appellant.