## TYLER v. DIXSON.

### No. 582.

Municipal Court of Appeals for the
District of Columbia.

Feb. 6, 1948.

Thomas H. Patterson, of Washington,
D. C., for appellant.

William E. Stewart, Jr., of Washington,
D. C. (Richard W. Galiher, of Washington,
D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

This is an appeal from judgments in fa-
vor of a tenant, under section 10(a) of the

District of Columbia Emergency Rent Act,[1] for double the amount of rent paid in excess of the maximum rent ceiling. Mrs. Emma R. Hart was the original landlord and after her death Mr. Harry F. Tyler, Jr., became landlord. The action was brought against Mr. Tyler, as executor of the estate of Mrs. Hart, for the excess rent received by her, and against Mr. Tyler, individually, for the excess rent received by him. Judgment was against the executor for $970, including an attorney's fee of $250, and against the individual for $65, including an attorney's fee of $25.

It appears conceded that payments in excess of the rent ceiling were received, but reversal of the judgments is urged on four grounds.

It is first contended that the action for double excess rent provided by the Rent Act does not survive the death of the landlord. We think this question is settled by Code, Section 12—101, which provides:

"On the death of any person in whose favor or against whom a right of action may have accrued for any cause except an injury to the person or to the reputation, said right of action shall survive in favor of or against the legal representatives of the deceased; but no right of action for an injury to the person, except as provided in sections 16—1201 to 16—1203, or to the reputation, shall so survive."

It is plain that the right of action given by the Rent Act is not for an injury to the person or to the reputation, and therefore survives the death of the landlord.[2]

It is next urged that even if the action survives, it survives only to the extent of the amount of excess rent actually paid and not for double that amount. This argument is based on the contention that the award of double the excess rent includes a penalty. However, in Shenk v. Cohen, D.C. Mun.App., 51 A.2d 298, and Heitmuller v. Berkow, D.C.Mun.App., 51 A.2d 302, we held that the action is one to recover for a private wrong and not for a statutory penalty. On January 26, 1948, the United States Court of Appeals for the District of Columbia, in Heitmuller v. Berkow, App. D.C., 165 F.2d 961, affirmed our holding, saying that "the Rent Act creates a statutory obligation to pay compensatory damages and not a penalty, * * *." It is true that both the Shenk and Heitmuller cases dealt with the question of the Statute of Limitations and not of survivorship, but we think the same reasoning applies to both questions. Furthermore, the Code Section above quoted does not include actions for penalties within its exceptions.

The third ground argued is that during a period of the tenancy the rented premises were occupied not only by plaintiff but also by her "girl friend" and that the two shared the rental and expenses. It is contended that plaintiff alone cannot recover for the period in which the rental was shared with another. We think this contention is without merit. While the record does not fully explain the arrangement between plaintiff and her girl friend, plaintiff testified that during this period she "carried on all business transactions" with the landlord and that the rent was collected from her by the landlord. The Act gives the right of recovery to "the tenant paying such rent," and we think the record supports the conclusion that for the period in question plaintiff was the tenant and paid the rent. Her private arrangement with her girl friend does not affect her right to recover.

The last contention is that it was error to allow attorneys' fees in substantial amounts, in the absence of proof of the extent and value of the services rendered. The Act provides recovery of "reasonable attorneys' fees and costs as determined by the court." This leaves the amount largely in the discretion of the trial court. The judge who hears the case has a basis for determining a reasonable fee. If he desires other evidence, such as attorneys' time sheets, expert testimony, etc., he may but is not compelled to call for it. The trial judge is considered an expert on the value of legal services,[3] and failure to submit proof of

---

[1] Code 1940, Supp. V, § 45—1610 (a).
[2] Cf. Colpoys v. Foreman, App.D.C., 163 F.2d 908.

[3] Dumas v. King, 8 Cir., 157 F.2d 463.

value of the services does not prevent him from awarding a fee.[4]

██ While appellants complain directly of the lack of proof of the value of the legal services, it appears they indirectly complain that the awards were too large. It seems to us that the fees were generous in amount.[5] However, it has been held time after time in all types of cases that where recovery of attorneys' fees is permitted, the amount rests in the discretion of the trial court and can be reviewed on appeal only when manifestly excessive or inadequate.[6] Such is not the case here, but under the circumstances we think it reasonable and proper to deny additional attorneys' fees for services rendered in connection with this appeal.

Affirmed.

[4] Aronwald v. Sperber, 184 Misc. 314, 53 N.Y.S.2d 352.

[5] For examples of attorney's fees in O.P.A. cases, see: Trachtman v. Samit, D.C.E.D.Pa., 62 F.Supp. 176; Thompson v. Taylor, D.C.S.D.Fla., 60 F.Supp. 395; Gilbert v. Thierry, D.C.Mass., 58 F.Supp. 235; Everly v. Zepp, D.C.E.D. Pa., 57 F.Supp. 303; Whatley v. Love, La.App., 13 So.2d 719; Ward v. Bochino, 181 Misc. 355, 46 N.Y.S.2d 54.

[6] Dickinson Industrial Site, Inc., v. Cowan, 309 U.S. 382, 60 S.Ct. 595, 84 L.Ed. 819; Tendler v. Tendler, 56 App. D.C. 296, 12 F.2d 831, certiorari denied 273 U.S. 637, 693, 47 S.Ct. 96, 71 L. Ed. 843; Roth v. Reich, 2 Cir., 164 F. 2d 305; United States v. Anglin & Stevenson, 10 Cir., 145 F.2d 622, certiorari denied 324 U.S. 844, 65 S.Ct. 678, 89 L.Ed. 1405; Tracy v. Spitzer-Rorick Trust & Savings Bank, 8 Cir., 12 F.2d 755.