John F. Kelly, J.
The plaintiff brings this action in Small Claims Court against the defendant, the legal guardian of Bruce Gratton, predicated upon the following incident:
Michael Izzo and Bruce Gratton, both age 15, are fellow students at the Cohoes High School. On the 18th day of November, 1975, at about 2:30 p.m. in the afternoon, both boys, although not in each others’ company, were on their way home from school. At one point, Gratton accosted Izzo and accused him of writing on his locker at the school. When Izzo denied the accusation, Gratton attempted to punch Izzo, and in the act of defending himself Izzo raised his arms and in doing so, knocked the eyeglasses from his face. In the scuffle that ensued, the eyeglasses were broken. The cost of replacement is $59 — and this amount is stipulated.
In this proceeding the plaintiff has invoked section 3-112 of the General Obligations Law, which states: "The parent or legal guardian * * * having custody of an infant over ten and less than eighteen years of age, shall, if such infant willfully, maliciously or unlawfully damages or destroys real or personal property owned or maintained by another, be held liable for such damage or destruction in a civil action brought in a court of competent jurisdiction unless such parent or legal guardian shall establish that he has exercised due diligence in the supervision of the activities of such infant.”
In the case at hand, the act of Gratton striking at Izzo satisfied the statutory requirement of a willful and unlawful act in that such action constitutes an assault (Penal Law, art 120). The plaintiff in the first instance has established facts which in the absence of a valid defense would entitle him to a *235 recovery. However, there was no evidence offered which indicated any hostile propensities such as previous altercations with others or of a continuing dispute between the two boys nor for that matter, anything which would impose any special duty upon the parent or guardian of this teenage boy and this court holds that there is no failure of supervision and that the statutory defense has been established.
The court notes that the statute with which we are concerned is remedial in nature in that it is designed to provide relief to an aggrieved party (see Ward v Bochino, 181 Misc 355) and while as a remedial statute, it is to be interpreted liberally in favor of the aggrieved party (see Matter of Machcinski v Ford Motor Co., 277 App Div 634). The facts as they are presented here constrain the finding in favor of defendant. The court also notes that the common-law remedy against the wrongdoer is still intact. (See Schuylkill Fuel Corp. v B. & C. Neiberg Realty Corp., 250 NY 304.)
The court reasons then that although the plaintiff has satisfied the requirements of the statute in the first instance that it is faced with the question of whether or not a parent or legal guardian must respond in damages when his child or ward becomes involved in a situation over which he had no control or opportunity or any warning or notice from which he may reasonably anticipate such a happening. The answer in this case is that he does not and the defense is established. Accordingly, the complaint is dismissed.